## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA STURTZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LAUREL MEDICAL SUPPLIES, INC. d/b/a LAUREL MEDICAL SOLUTIONS<br><br>　　　　　　Defendant. | CIVIL COMPLAINT - COLLECTIVE AND CLASS ACTION<br><br>CASE NO.: __3:24-CV-50__<br><br><br>**JURY TRIAL DEMANDED**<br><br>*ELECTRONICALLY FILED* |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, JOSHUA STURTZ ("Named Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby files this Collective and Class Action Complaint ("Complaint") against Defendant, LAUREL MEDICAL SUPPLIES, INC. d/b/a LAUREL MEDICAL SOLUTIONS ("Laurel Medical") and allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"), as follows:

## NATURE OF CASE

This case brought as a collective action pursuant to the FLSA to recover overtime wages and liquidated damages and as a class action pursuant to Fed. R. Civ. P. 23 under the state laws of the Commonwealth of Pennsylvania, to wit, the PMWA and PWPCL, to recover unpaid wages, overtime wages, and other applicable penalties. Named Plaintiff and all others similarly situated (hereinafter "Putative Class Members") are those similarly situated persons who worked for Laurel Medical as a Home Medical Equipment Technician ("HMET"), anywhere in the

Commonwealth of Pennsylvania, including HMETs based out of its facilities located at 405 South West Street, Ebensburg, Pennsylvania ("Ebensburg Location") and/or 214 College Park Plaza, Suite 111, Johnstown, Pennsylvania (Johnstown Location") at any time from March 6, 2021, through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of federal and state law.  Specifically, Laurel Medical enforced a uniform company-wide policy wherein it improperly required its hourly HMET employees - Named Plaintiff and the Putative Class Members - to perform work "off-the-clock" and without pay.  Laurel Medical's illegal company-wide policy has caused Named Plaintiff and the Putative Class Members to have hours worked that were not compensated, and further created a miscalculation of pay for purposes of calculating their overtime compensation each workweek.

Although Named Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Named Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half (1½) their regular rates for all hours worked in excess of forty (40) hours per workweek.  Laurel Medical knowingly and deliberately failed to compensate Named Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.  Named Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Pennsylvania state law.  Named Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the PMWA and PWPCL as a class action pursuant to Fed. R. Civ. P. 23.

## PARTIES

**A.**    **Named Plaintiff**

1.    Named Plaintiff, Joshua Sturtz, was employed by Laurel Medical beginning on or about March 3, 2022, during the relevant time period.  Mr. Sturtz did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.  Mr. Sturtz's consent to join the collective action aspect of this lawsuit is attached to this Complaint as **Exhibit A**.

2.    The Putative Class Members are those current and former HMETs who were employed by Laurel Medical in the Commonwealth of Pennsylvania, including those based out of the Ebensburg Location and/or the Johnstown Location, at any time from March 6, 2021 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Named Plaintiff worked and was paid.

**B.**    **Defendant**

***Laural Medical Supplies, Inc. d/b/a Laurel Medical Solutions***

3.    Defendant, Laurel Medical Supplies, Inc., is a Pennsylvania business corporation, doing business as Laurel Medical Solutions in the Commonwealth of Pennsylvania as its registered fictitious name, with its corporate headquarters located at 405 South West Street, Ebensburg, Cambria County, Pennsylvania 15931.

## JURISDICTION AND VENUE

4.    The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions.  Subject matter jurisdiction over Named Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.    The PMWA and PWPCL each provide for a private right of action to enforce their provisions.  This Court has supplemental jurisdiction over Pennsylvania state law claims, pursuant to 28 U.S.C. § 1367, because they are so intertwined with Named Plaintiff's federal claims as to form part of the same case and controversy.

6.    This Court has general and specific personal jurisdiction over Defendant because this cause of action arose within this District as a result of Defendant's conduct within this District.

7.    Venue is proper in this District pursuant to 28 U.S.C § 1391(b).  The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District. Further, Defendant regularly transacts substantial business within this District.

## FACTUAL ALLEGATIONS

### A.    Background

8.    Laurel Medical is a provider of home medical equipment and services tailored to meet the specific needs of its individual clients.[1]

9.    Named Plaintiff has been and is currently employed by Defendant as an HMET based out of the Ebensburg Location since on or about March 3, 2022.

10.    Throughout his employment tenure with Defendant, Named Plaintiff and the Putative Class Members' job duties consisted of providing in-home visits to service and/or repair medical equipment, as well as provide relevant solutions to the specific needs and goals of Laurel Medical's clients.

---

[1] *See* https://laurelmedsolutions.com (last viewed on March 6, 2024).

11.     Named Plaintiff and the Putative Class Members are non-exempt HMETs, who are to be paid hourly by Defendant, including paid overtime for hours worked in excess of forty (40) during the workweek.

12.     Named Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

13.     In addition to their forty (40) "on-the-clock" hours, Named Plaintiff and the Putative Class Members worked up to five (5) compensable hours "off-the-clock" per week and have not been compensated for that time.

14.     Defendant's failure to properly compensate HMET employees is the result of a strictly enforced uniform company-wide policy wherein it improperly requires its HMETs - Named Plaintiff and the Putative Class Members - to perform work "off-the-clock" and without pay.

15.     Specifically, Defendant has engaged in a top-down wage policy, which consistently, systematically, and willfully failed to pay its HMET employees for all hours worked, including proper overtime wages for their work in excess of forty (40) hours per week.

16.     Accordingly, Defendant has engaged in business practices that have violated the rights of its HMET employees as they relate to their payment/wages, resulting in unpaid labor from Named Plaintiff and the Putative Class Members each day.

17.     This lawsuit is therefore brought as (a) a collective action under the FLSA and (b) a class action under Fed. R. Civ. P. 23 for violations of the PMWA and PWPCL.

**B.**    **Violations of the FLSA, PMWA, and/or PWPCL**

*Unpaid Work During Meal Period Breaks*

18.    Defendant provides Named Plaintiff and the Putative Class Members with one unpaid thirty (30) minute meal break each day.

19.    However, due to the unrealistic workflow demands assigned by Defendant to its HMET employees, Defendant has required and/or permitted Named Plaintiff and the Putative Class Members to perform "off-the-clock" work without pay, including overtime pay when applicable, during their unpaid meal break since at least March 6, 2021, during the relevant time period.

20.    Named Plaintiff and the Putative Class Members have been pressured by Defendant to satisfy these unrealistic workflow demands or be subject to discipline that includes verbal reprimands, unfavorable job/shift transfers, and/or termination, during the relevant time period.

21.    Since at least March 6, 2021, Defendant has manipulated its timekeeping records to exclude this "off-the-clock" work from being credited to its HMET employees, thereby ensuring that this compensable time is not paid to them as wages, including overtime wages when this time resulted in an excess of forty (40) hours in the workweek.

22.    As a result of this unlawful policy and practice, Named Plaintiff reported Defendant to the United States Department of Labor on or about January 13, 2024.

23.    Although this report appears to have prompted Defendant to implement a policy in or about January 16, 2022, requiring all HMETs to "clock out" during their thirty (30) minute meal break on TCP MobileClock - Defendant's required timekeeping software application –

"off-the-clock" work continues as a result of the unrealistic workflow and pressures created by Defendant.

24.     In the event that Named Plaintiff and the Putative Class Members perform work during their meal break, regardless of whether they "clock out" of TCP MobileClock, Defendant fails to properly compensate its HMETs for this time by unilaterally removing or refusing to include this compensable "off-the-clock" work to the timekeeping records within TCP MobileClock.

25.     Despite performing "off-the-clock" work during their unpaid meal break, Named Plaintiff and the Putative Class Members have not been compensated for this time, including at applicable overtime rates when this time resulted in an excess of forty (40) hours in the workweek.

26.     As a result of Defendant's corporate policy and practice of requiring and/or permitting Named Plaintiff and the Putative Class Members to perform "off-the-clock" work during unpaid meal period breaks, Named Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA, PMWA, and PWPCL.

## COUNT I

### Collective Action Alleging FLSA Violations
### (Named Plaintiff and FLSA Collective v. Defendant)

### A.     FLSA COVERAGE

27.     Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

28.     The FLSA Collective is defined as:

**ALL HOURLY HOME MEDICAL EQUIPTMENT TECHNICIANS WHO WERE EMPLOYED BY LAUREL MEDICAL SUPPLIES, INC. d/b/a LAUREL MEDICAL SOLUTIONS ANYWHERE IN THE COMMONWEALTH OF PENNSYLVANIA, AT ANY TIME FROM MARCH 6, 2021 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

29.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

31.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

32.     In performing the above-described operations, Named Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

33.     Specifically, Named Plaintiff and the FLSA Collective Members are non-exempt hourly HMET employees of Defendant who serviced and assisted Defendant's customers within the Commonwealth of Pennsylvania.  29 U.S.C. § 203(j).

34.     At all times hereinafter mentioned, Named Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

35.     The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 28.

36.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

37.     Defendant has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such nonexempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

38.     Moreover, Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Named Plaintiff and the FLSA Collective Members the minimum wage and the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

39.     Defendant is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

40.     Named Plaintiff and the FLSA Collective Members, on the other hand, are non-exempt and hourly employees who trusted Defendant to pay them according to the law.

41.     The decisions and practices by Defendant to not pay for all hours worked, and the proper amount of overtime for all hours worked in excess of forty (40) hours in a workweek was neither reasonable nor in good faith.

42.     Accordingly, Named Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked at or below forty (40) hours per workweek and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

43.     All previous paragraphs are incorporated as though fully set forth herein.

44.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant's employees who have been similarly situated to Named Plaintiff with regard to the work they performed and the manner in which they have not been paid.

45.     Other similarly situated employees of Defendant have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

46.     The FLSA Collective Members are defined in Paragraph 28.

47.     Defendant's failure to pay Named Plaintiff and the FLSA Collective Members for all hours worked, the minimum wage, and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendant, and does not depend on the personal circumstances of Named Plaintiff and the FLSA Collective Members.

48.     Thus, Named Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

49.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

50.     All of the FLSA Collective Members - regardless of their specific job titles, precise job requirements, rates of pay, or job locations - are entitled to be paid for all hours worked, and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

51.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

52.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress for their injuries and Defendant will retain the proceeds of its rampant violations.

53.     Moreover, individual litigation would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

54.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 28 and notice should be promptly sent.

**D.    PRAYER FOR RELIEF ON COUNT I**

WHEREFORE, Named Plaintiff, Joshua Sturtz, on behalf of himself and the FLSA Collective, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Laural Medical Supplies, Inc. d/b/a Laurel Medical Solutions, as follows:

A.     Designate this action as a collective action and class action on behalf of the proposed FLSA Collective and

    a.  Promptly issue notice pursuant to 29 U.S.C § 216(b) to all FLSA Collective Members, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

    b.  Toll the statute of limitations on the FLSA Collective Members claims from the date the original complaint was filed until the FLSA Collective Members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B.     Designate Named Plaintiff as representative of the FLSA Collective;

C.     Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

D.     Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E.     Award back pay to Named Plaintiff and the FLSA Collective Members, including a sum to compensate Named Plaintiff and the FLSA Collective Members for any increased tax liability on a lump-sum award of back pay;

F.     Award liquidated damages to Named Plaintiff and the FLSA Collective Members in the maximum amount available under the Fair Labor Standard Act;

G.     Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and the FLSA Collective Members;

H.     Award Named Plaintiff and the members of the FLSA Collective Members pre-judgment and post-judgment interest available under the FLSA;

I.     Award Named Plaintiff and the FLSA Collective Members any other appropriate equitable relief; and

J.     Award any additional relief that this Court deems just and proper.

## COUNT II

### Class Action Alleging Violations of the PMWA
### (Named Plaintiff and Pennsylvania Class v. Defendant)

**A.      PMWA COVERAGE**

55.      Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

56.      The Pennsylvania Class is defined as:

**ALL HOURLY HOME MEDICAL EQUIPTMENT TECHNICIANS WHO WERE EMPLOYED BY LAUREL MEDICAL SUPPLIES, INC. d/b/a LAUREL MEDICAL SOLUTIONS ANYWHERE IN THE COMMONWEALTH OF PENNSYLVANIA, AT ANY TIME FROM MARCH 6, 2021 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Pennsylvania Class" or "Pennsylvania Class Members").**

57.      At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the PMWA.  See 43 Pa.C.S. § 333.103(g).

58.      At all times hereinafter mentioned, Named Plaintiff and the Pennsylvania Class Members have been "employees" within the meaning of the PMWA.   See 43 Pa.C.S. § 333.103(h).

59.      Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendant, have been covered employees entitled to the protections of the PMWA, and were not exempt from the protections of the PMWA. See 43 Pa.C.S. § 333.105.

60.      Defendant is not exempt from paying overtime benefits pursuant to the PMWA.

B.    <u>**FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PMWA**</u>

61.    All previous paragraphs are incorporated as though fully set forth herein.

62.    The PMWA requires that employees, including Named Plaintiff and the Pennsylvania Class Members, receive compensation for all hours worked at a rate that is no less than the rates described in the PMWA.  See 43 Pa.C.S. § 333.104.

63.    The PMWA also requires that employees, including Named Plaintiff and the Pennsylvania Class Members, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.  See 43 Pa.C.S. § 333.104(c).

64.    Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendant and have been covered employees entitled to the protections of the PMWA.

65.    Defendant is an employer covered by the requirements set forth in the PMWA.

66.    Named Plaintiff and the Pennsylvania Class Members are not exempt from receiving at least the minimum wage or overtime benefits under the PMWA.

67.    Named Plaintiff and the Pennsylvania Class Members worked for Defendant but were not paid at least the applicable minimum wage for all hours worked at or below forty (40) hours in a workweek or overtime premium compensation of "time and one-half" for hours worked over forty (40) per week; specifically, Defendant did not pay Named Plaintiff and the Pennsylvania Class Members for their time spent working through their meal break on Defendant's behalf.

68.     Defendant would also manipulate the timekeeping records of Named Plaintiff and the Pennsylvania Class Members by removing or excluding time worked through meal breaks, thereby reducing their wages, including overtime premium compensation, guaranteed under the PMWA.

69.     Named Plaintiff and the Pennsylvania Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Defendant violated the PMWA by failing to pay them for all hours worked; specifically, Defendant did not pay Named Plaintiff and the Pennsylvania Class Members for their time spent working through their meal break on Defendant's behalf.

70.     As a result, Named Plaintiff and the Pennsylvania Class Members were not properly compensated for all hours worked and were not paid the correct amount of overtime compensation for all hours worked in excess of forty (40) per week.

71.     The total amount of compensation due to Named Plaintiff and the Pennsylvania Class Members by Defendant constitutes wages pursuant to the PMWA, and failure to pay the amount due constitutes a violation of the PMWA.  See 43 Pa.C.S. § 333.103(d).

72.     Defendant further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

73.     Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PMWA.

74.     Named Plaintiff and the Pennsylvania Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Named Plaintiff and the Pennsylvania Class Members would be able to precisely calculate damages.

75.     In violating the PMWA, Defendant acted willfully, without a good faith basis, and with reckless disregard of applicable Pennsylvania wage and hour laws.

76.     Defendant is liable for the full amount of unpaid wages and unpaid overtime and for costs and reasonable attorneys' fees.

77.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PMWA, is defined in Paragraph 56.

78.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

**C.     PMWA CLASS ALLEGATIONS**

79.     All previous paragraphs are incorporated as though fully set forth herein.

80.     Named Plaintiff and the Pennsylvania Class Members bring their PMWA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendant to work in Pennsylvania since March 6, 2021.

81.     Class action treatment of Named Plaintiff and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

82.     The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

83.    Named Plaintiff's claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiff has no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

84.    Named Plaintiff and his counsel will fairly and adequately represent the other Pennsylvania Class Members.

85.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

86.    As such, the Pennsylvania Class should be certified as defined in Paragraph 56.

**D.    <u>PRAYER FOR RELIEF ON COUNT II</u>**

WHEREFORE, Named Plaintiff, Joshua Sturtz, on behalf of himself and the Pennsylvania Class, respectfully request that this Honorable Court enter Judgment in his favor and against Defendant, Laural Medical Supplies, Inc. d/b/a Laurel Medical Solutions, jointly and severally, as follows:

A.    Designate this action as a class action on behalf of the proposed Pennsylvania Class;

B.    Designate Named Plaintiff as representative of the Pennsylvania Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PMWA;

E.    Award back pay to Named Plaintiff and the Pennsylvania Class Members, including a sum to compensate Named Plaintiff and the Pennsylvania Class Members for any increased tax liability on a lump-sum award of back pay;

F.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and Pennsylvania Class Members;

G.      Award Named Plaintiff and the Pennsylvania Class Members pre-judgment and post-judgment interest available under the PMWA;

H.      Award Named Plaintiff and the Pennsylvania Class Members any other appropriate equitable relief; and

I.      Award any additional relief that this Court deems just and proper.

## COUNT III

**Class Action Alleging Violations of the PWPCL**
**(Named Plaintiff and Pennsylvania Class v. Defendant)**

**A.      PWPCL COVERAGE**

87.      Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

88.      The Pennsylvania Class is defined as:

**ALL HOURLY HOME MEDICAL EQUIPTMENT TECHNICIANS WHO WERE EMPLOYED BY LAUREL MEDICAL SUPPLIES, INC. d/b/a LAUREL MEDICAL SOLUTIONS ANYWHERE IN THE COMMONWEALTH OF PENNSYLVANIA, AT ANY TIME FROM MARCH 6, 2021 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Pennsylvania Class" or "Pennsylvania Class Members").**

89.      At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the PWPCL.  See 43 Pa.C.S. § 260.2a

90.      At all times hereinafter mentioned, Named Plaintiff and the Pennsylvania Class Members have earned wages within the meaning of the PWPCL.  *Id.*

91.      Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendant and have been covered employees entitled to the protections of the PWPCL and were not exempt from the protections of the PWPCL.  See 43 Pa.C.S. § 260.1, *et seq*.

B.  **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PWPCL**

92.     All previous paragraphs are incorporated as though fully set forth herein.

93.     Named Plaintiff and members of the State Class are entitled to be paid all of their earned wages, including wages of one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA and PMWA.  The failure to pay said wages constitutes a violation of Section 215(a)(2) of the FLSA and Section 333.104(c) of the PMWA.

94.     Defendant has failed to pay Named Plaintiff and the Pennsylvania Class Members all of their earned wages, including wages of one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA.  Defendant has, therefore, failed to regularly pay Named Plaintiff and the Pennsylvania Class Members for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

95.     Accordingly, wages, including wages in the form of overtime pay, are due and owing to Named Plaintiff and the Pennsylvania Class Members pursuant to Section 260.3(a) of the PWPCL.

96.     Defendant further violated the PWPCL through its failure to pay the Named Plaintiff and the Pennsylvania Class Members all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

97.     Defendant further violated the PWPCL by failing to record and pay for all hours worked, including but not limited to overtime.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

98.     The total amount due to Named Plaintiff and the Pennsylvania Class Members by Defendant constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

99.     In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Named Plaintiff and the Pennsylvania Class Members are entitled to liquidated damages in an amount equal to the greater of twenty-five percent (25%) of the wages due or $500.00, in addition to all wages due.

100.    In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Named Plaintiff and the Pennsylvania Class Members are entitled to reasonable attorneys' fees associated with this action.

101.    The wages withheld from Named Plaintiff and the Pennsylvania Class Members were not the result of any bona fide dispute.

102.    Named Plaintiff and the Pennsylvania Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PWPCL.

103.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PWPCL, is defined in Paragraph 88.

104.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

**C.    PWPCL CLASS ALLEGATIONS**

105.    All previous paragraphs are incorporated as though fully set forth herein.

106.    Named Plaintiff and the Pennsylvania Class Members bring their PWPCL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendant to work in Pennsylvania since March 6, 2021.

107.    Class action treatment of Named Plaintiff and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

108.    The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

109.    Named Plaintiff's claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiff has no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

110.    Named Plaintiff and his counsel will fairly and adequately represent the other Pennsylvania Class Members.

111.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

112.    As such, the Pennsylvania Class should be certified as defined in Paragraph 88.

**D.**    **PRAYER FOR RELIEF ON COUNT III**

WHEREFORE, Named Plaintiff, Joshua Sturtz, on behalf of himself and the Pennsylvania Class, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Laural Medical Supplies, Inc. d/b/a Laurel Medical Solutions, as follows:

A.    Designate this action as a class action on behalf of the proposed Pennsylvania Class;

B.    Designate Named Plaintiff as representative of the Pennsylvania Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D.    Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PWPCL;

E.    Award back pay to Named Plaintiff and the Pennsylvania Class Members, including a sum to compensate Named Plaintiff and the Pennsylvania Class Members for any increased tax liability on a lump-sum award of back pay;

F.    Award liquidated damages to Named Plaintiff and the Pennsylvania Class Members in the maximum amount available under the PWPCL;

G.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and Pennsylvania Class Members;

H.    Award Named Plaintiff and the Pennsylvania Class Members pre-judgment and post-judgment interest available under the PWPCL;

I.    Award Named Plaintiff and the Pennsylvania Class Members any other appropriate equitable relief; and

J.    Award any additional relief that this Court deems just and proper.

## JURY DEMAND

Named Plaintiff and all members of the FLSA Collective and Pennsylvania Classes demand a trial by jury on all issues triable to a jury as a matter of right.

Dated: <u>March 6, 2024</u>                    Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

<u>*/s/ Derrek W. Cummings*</u>
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

<u>*/s/ Larry A. Weisberg*</u>
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

<u>*/s/ Steve T. Mahan*</u>
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

<u>*/s/ Michael J. Bradley*</u>
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
Tel.: (717) 238-5707
Fax: (717) 233-8133

*Counsel for Plaintiffs*