UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA STURTZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LAUREL MEDICAL SUPPLIES, INC. d/b/a LAUREL MEDICAL SOLUTIONS,<br><br>    Defendant. | Case No. 3:24-cv-00050-KRG<br><br>The Honorable Kim R. Gibson |

**ORDER**

AND NOW, this 23rd day of July, 2024, upon consideration of Named Plaintiff's Unopposed Motion to Approve Collective Action Settlement and Attorney Fees with Memorandum in Support, the accompanying and fully executed Settlement Agreement and Release of Claims, and all other papers and proceedings herein, it is hereby ORDERED that:

1. The Motion is **GRANTED**, and the accompanying Settlement Agreement is **APPROVED** as a fair and reasonable resolution of this action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").

2. The following class is certified, for settlement purposes only, pursuant to Section 16(b) of the FLSA:

> all persons employed by Laurel Medical Supplies, Inc. d/b/a Laurel Medical Solutions as a Home Medical Equipment Technician between March 6, 2021, until March 6, 2024.

3. The Parties shall proceed and provide the Notice to the Class Members, in accordance with the terms of their Settlement Agreement.

4. The opt-in period for this matter shall conclude forty-five (45) days from the date on which the Opt-In Forms and Notices are mailed to the Class Members, as confirmed by the postmark on the return envelopes. Class Members will also have the option to fax or email the Opt-In Form no later than the Opt-In Deadline, as indicated on the Opt-In Form

4. The law firm of WEISBERG CUMMINGS, P.C. is appointed as lead counsel for purpose of representing Named Plaintiff and all settlement participants during any and all further proceedings to the settlement.

5. The action is **DISMISSED WITH PREJUDICE AS SETTLED**, although this Court retains jurisdiction over this action for purposes of overseeing any disputes arising from the implementation, administration, or enforcement of the settlement terms.

6. All Participating Settlement Class Members, including the Named Plaintiff, are permanently barred from prosecuting any of the Released Claims against any Released Entities, as those terms are defined in the Parties' Settlement Agreement.

BY THE COURT:

_____
KIM R. GIBSON, J.